UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES TIFFANY, et al.,

        Plaintiffs,                        Case No. 15-cv-12157

v.                                             Honorable Thomas L. Ludington

MICHIGAN DEPARTMENT OF HEALTH AND
HUMAN SERVICES, et al.,

        Defendants.

_____/

**ORDER DIRECTING SUPPLEMENTAL BRIEFING AND STAYING BRIEFING ON MOTION FOR TEMPORARY RESTRAINING ORDER**

On August 28, 2015, Plaintiffs filed an amended complaint naming as Defendants Michigan Department of Health and Human Services, Community Mental Health for Central Michigan, and Mid State Health Plan Network Pre-Paid Inpatient Health Plan. See Am. Compl., ECF No. 21. Plaintiffs allege that the State of Michigan's reduction of General Funds allotted to healthcare led to Defendants no longer providing certain mental health services and no longer paying some of Plaintiffs' Medicaid deductible on their behalf.[1] According to Plaintiffs, the implementation of this decision violated their due process rights under *Goldberg v. Kelly*, 397 U.S. 254 (1970); violated their rights under the Equal Protection clause of the United States Constitution; and violated the Michigan Mental Health Code, Mich. Comp. L. § 330.1001*ff*. *Id*. All three Defendants moved to dismiss on the ground that Plaintiffs' complaint does not state a claim for which relief may be granted. *See* Defs.' Mots. Dismiss, ECF Nos. 27, 31, & 32. The parties timely briefed all three motions.

---

[1] The Medicaid deductible is a certain amount of health services that must be paid out-of-pocket by an individual before they qualify for Medicaid funding during a specific coverage period.

On November 6, 2015, Plaintiffs moved for a temporary restraining order and preliminary injunction. *See* Pls.' Mot. TRO, ECF No. 41. Plaintiffs argue in their motion that Defendants have begun the process of terminating benefits and they seek an immediate order from the Court enjoining Defendants from doing so. Initially, Defendants had continued benefits in exchange for an extension of time to respond to Plaintiffs' first complaint. Defendants then continued benefits indefinitely after Plaintiffs sought a Medicaid review hearing. Defendants maintained the position that Plaintiffs were not entitled to a Medicaid review hearing. Now, according to Plaintiffs, Defendants have moved forward with terminating benefits.

In the course of conducting research on Plaintiffs' claims and Defendants' arguments regarding the sufficiency of those claims, the Court located two cases that appear to be the law of the Sixth Circuit and relevant to Defendants' motions. The two cases are *Benton v. Rhodes*, 586 F.2d 1 (6th Cir. 1978), and *Rosen v. Goetz*, 410 F.3d 919 (6th Cir. 2005). None of the parties have discussed the two cases in their papers.[2]

In *Benton*, the Sixth Circuit heard a class challenge to Ohio's "proposed reduction of a number of optional benefits from the state's medicaid program[.]" *Benton*, 586 F.2d at 1. The Sixth Circuit held that "when a state decides to terminate optional benefits on the basis of lack of appropriated funds, or for any other state reason, this is a matter of state law or policy which it was permitted to adopt." *Id*. at 3. Further "nothing in the Federal or State Constitutions giv[es] prospective recipients of optional benefits a constitutional right to their perpetual continuance." *Id*. Additionally, the Sixth Circuit concluded that it "do[es] not regard the case of *Goldberg v. Kelly* as apposite. *Goldberg* involved the termination of public welfare payments." *Id*. at 4 (internal citations omitted). The facts of *Benton* "involve[d] only the termination of optional

---

[2] In its Reply Brief, Defendant Michigan Department of Health and Human Services cites to *Benton* in passing as support for the proposition that "[b]ecause Plaintiffs allege no claim against the Department itself, dismissal is the appropriate remedy." Def.'s Reply Br. 3, ECF No. 36.

benefits which the state was never required to provide in the first place. The [r]equired payments under medicaid [were] still being made." *Id*.

Thirty years later, in *Rosen*, the Sixth Circuit confronted a challenge to the reduction in Tennessee's state Medicaid program. The Sixth Circuit determined that individual recipients are entitled to Medicaid hearings when there coverage is eliminated "so long as they raise a valid factual dispute about their continued eligibility for coverage[.]" *Rosen*, 410 F.3d at 927. They are not so entitled, however, to receive a hearing in order to make "a mere challenge to the change in law or policy." *Id*. In addition, the court once more held Goldberg inapposite because "plaintiffs have not shown that the requirement of establishing a valid factual dispute before being entitled to a hearing violates due process." *Id*. at 928. Indeed, *Goldberg* itself "declined to reach the issue of 'whether due process requires only an opportunity for written submission, or an opportunity both for written submission and oral argument, where there are no factual issues in dispute or where the application of the rule of law is not intertwined with factual issues.'" *Id*. (citing *Goldberg*, 397 U.S. at 268 n.15). The *Rosen* court, relying on *Benton*, went on to note that "since *Goldberg*, the Court has explained that the due process requirement that the government provide a hearing before the termination of benefits turns on the sensible fact/law dichotomy that CMS, the State and *Benton* have drawn." *Id*.

Both cases provide additional guidance that may be helpful to resolving the disputes in this case. The above summaries were just that, summaries. They are intended to aid the parties in their study of the two cases. The parties will be instructed to submit supplemental briefs providing: analysis of the two cases and their applicability to this dispute; discussion of the factual distinctions between *Benton*, *Rosen*, and the present case; and any additional authority

that may help address *Benton* and *Rosen*. Extensive factual exposition unmoored from analysis of *Benton* and *Rosen* is not required and, in fact, discouraged.

Defendant Michigan Department of Health and Human Services will be given ten pages in which to address these issues. Defendants Community Mental Health and Mid State Health Plan Network will be given a combined ten pages in which to address these issues in a single supplemental brief. Plaintiffs' shall respond with a brief no longer than fifteen pages. Defendant Michigan Department of Health and Human Services may then file a reply brief no longer than five pages. Defendants Community Mental Health and Mid State Health Plan Network may also file a combined reply brief no longer than five pages.

While supplemental briefing is being conducted, briefing on Plaintiffs' motion for a temporary restraining order will be stayed. The briefing stay will be lifted on the day Defendants' supplemental reply briefs are due.

Accordingly, it is **ORDERED** that Defendants are **DIRECTED** to file supplemental briefs on the Court's docket, in compliance with the directions set forth herein, **on or before November 20, 2015**.

It is further **ORDERED** that Plaintiffs are **DIRECTED** to file a supplemental response brief on the Court's docket, in compliance with the directions set forth herein, **on or before December 4, 2015**.

It is further **ORDERED** that Defendants are **DIRECTED** to file any supplemental reply brief they wish to be considered on the Court's docket, in compliance with the directions set forth herein, **on or before December 11, 2015**.

It is further **ORDERED** that briefing on Plaintiffs' motion for a temporary restraining order, ECF No. 41, is **STAYED** until **December 11, 2015**.

Dated: November 10, 2015				s/Thomas L. Ludington
						THOMAS L. LUDINGTON
						United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 10, 2015.

						s/Michael A. Sian
						MICHAEL A. SIAN, Case Manager