UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES TIFFANY, et al.,

        Plaintiffs,         Case No. 15-cv-12157

v.         Honorable Thomas L. Ludington

MICHIGAN DEPARTMENT OF HEALTH AND
HUMAN SERVICES, et al.,

        Defendants.

_____/

**ORDER GRANTING PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL AND DISMISSING COMPLAINT WITHOUT PREJUDICE**

On August 28, 2015, Plaintiffs filed an amended complaint naming as Defendants Michigan Department of Health and Human Services, Community Mental Health for Central Michigan, and Mid State Health Plan Network Pre-Paid Inpatient Health Plan. *See* Am. Compl., ECF No. 21. Plaintiffs allege that the State of Michigan's reduction of General Funds allotted to healthcare led to Defendants no longer providing certain mental health services and no longer paying some of Plaintiffs' Medicaid deductible on their behalf.[1] According to Plaintiffs, the implementation of this decision violated their due process rights under *Goldberg v. Kelly*, 397 U.S. 254 (1970); violated their rights under the Equal Protection clause of the United States Constitution; and violated the Michigan Mental Health Code, Mich. Comp. L. § 330.1001*ff*. *Id*. All three Defendants moved to dismiss on the ground that Plaintiffs' complaint does not state a claim for which relief may be granted. *See* Defs.' Mots. Dismiss, ECF Nos. 27, 31, & 32. The parties timely briefed all three motions.

---

[1] The Medicaid deductible is a certain amount of health services that must be paid out-of-pocket by an individual before they qualify for Medicaid funding during a specific coverage period.

On November 6, 2015, Plaintiffs moved for a temporary restraining order and preliminary injunction. *See* Pls.' Mot. TRO, ECF No. 41. Plaintiffs argue in their motion that Defendants have begun the process of terminating benefits and they seek an immediate order from the Court enjoining Defendants from doing so. Initially, Defendants had continued benefits in exchange for an extension of time to respond to Plaintiffs' first complaint. Defendants then continued benefits indefinitely after Plaintiffs sought a Medicaid review hearing. Defendants maintained the position that Plaintiffs were not entitled to a Medicaid review hearing. Now, according to Plaintiffs, Defendants have moved forward with terminating benefits.

On March 8, 2016, Plaintiffs moved to voluntarily dismiss their complaint. They argue that all but one of Plaintiffs has had the services they sought restored. One Plaintiff has not had his services restored but he did receive "a hearing before an administrative law tribunal which resulted in an order that is presently pending appeal before the Midland County Circuit Court." Pls.' Mot. Dismiss 3, ECF No. 52. Plaintiffs now seek dismissal because "Plaintiffs' have essentially received the relief they sought by bringing this action and the matters before the Court are now moot." Id.

Plaintiffs seek dismissal without prejudice under Federal Rule of Civil Procedure 41. Defendants argue that they will be unfairly prejudiced by a dismissal without prejudice and argue that any dismissal should be entered with prejudice.

Rule 41(a)(2) provides:

Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2). "Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). Rule 41(a)(2) is designed "to protect the nonmovant from unfair treatment." *Id*.

A district court should not enter a dismissal without prejudice where it would result in "plain legal prejudice" to the nonmovant "as opposed to facing the mere prospect of a second lawsuit." *Id*. The Sixth Circuit has said a district court should consider the following factors when analyzing if a nonmovant will suffer "plain legal prejudice":

> . . . the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant.

*Smith v. Holston Med. Grp., P.C.*, 595 F. App'x 474, 477 (6th Cir. 2014) (quoting Grover, 33 F.3d at 718).

All factors favor dismissal without prejudice. First, there has been no preparation for trial. Discovery has yet to open since all Defendants filed motions to dismiss. Second, there has been no excessive delay or lack of diligence by Plaintiffs. Apart from filing an amended complaint, Plaintiffs have taken no actions to delay this action and none of the delay can be characterized as excessive. Third, Plaintiffs have sufficiently explained why dismissal is warranted: they have received the relief they sought; the case is moot. Lastly, no motions for summary judgment have been filed. All Defendants filed motions to dismiss. Their motions were filed as, in the alternative, motions for summary judgment. But that does not mean Defendants filed motions for summary judgment. To obtain summary judgment Defendants would need to have their motions converted pursuant to Federal Rule of Civil Procedure 12(d). The motions have not been converted.

- 4 -

Most importantly, however, is that all Defendants claimed, at one point or another, that Plaintiffs' claims are moot. Defendants Community Mental Health and Mid-State Health Network argued in their motions to dismiss that Plaintiffs' claims are moot. Defendant Michigan Department of Health and Human Services argues in its response to Plaintiffs' motion to dismiss that their complaint should be dismissed as moot. Any dismissal for mootness would necessarily be without prejudice.

Plaintiffs' motion will be granted and their complaint will be dismissed without prejudice.

Accordingly, it is **ORDERED** that Plaintiffs Motion for Voluntary Dismissal, ECF No. 52, is **GRANTED**.

It is further **ORDERED** that Plaintiffs' Amended Complaint, ECF No. 21, is **DISMISSED without prejudice**.

Dated: April 5, 2016                              s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 5, 2016.

                              s/Michael A. Sian
                              MICHAEL A. SIAN, Case Manager

---